**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

_____

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

FERNANDO GUEVARA-GUEVARA,

Defendant - Appellant.

No. 20-3017
(D.C. No. 2:16-CR-20017-CM-1)
(D. Kan.)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **EID**, **KELLY**, and **CARSON**, Circuit Judges.
_____

This matter is before the court on the government's motion to enforce the

appeal waiver in Fernando Guevara-Guevara's plea agreement.  We grant defense

counsel's motion to withdraw, grant the government's motion to enforce

Mr. Guevara-Guevara's appeal waiver, and dismiss the appeal.

Mr. Guevara-Guevara pleaded guilty to conspiracy to distribute and possess

with intent to distribute more than 50 grams of methamphetamine, in violation of

21 U.S.C. § 846, and distributing more than 50 grams of methamphetamine, in

violation of 21 U.S.C. § 841(a)(1).  The district court determined that the applicable

---

[*] This order and judgment is not binding precedent, except under the doctrines
of law of the case, res judicata, and collateral estoppel.  It may be cited, however, for
its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Guidelines range was 262 to 324 months' imprisonment based in part on findings that a weapon was involved in the offense and that Mr. Guevara-Guevara was not safety-valve eligible, was not a minor participant in the crime, and used his apartment for the purpose of distributing drugs. The court then found that a downward departure was appropriate and imposed a below-Guidelines sentence of 133 months.

As part of his plea agreement, Mr. Guevara-Guevara agreed to waive his right to appeal "any matter in connection with this prosecution, his conviction, or . . . the sentence imposed in this case" unless the court imposed a sentence above what it determined was the applicable Guidelines range or the government appealed the sentence imposed. Mot. to Enforce, Attach. C at 11-12. Despite this broad appeal waiver, he filed a notice of appeal. His docketing statement indicates that he intends to appeal the district court's rulings on pre-plea motions and its Guidelines-range findings, and to challenge the sentence imposed as unreasonable and not based on the evidence presented. The government filed a motion to enforce the appeal waiver under *United States v. Hahn*, 359 F.3d 1315, 1328 (10th Cir. 2004) (en banc) (per curiam).

In response to the government's motion, Mr. Guevara-Guevara's counsel cited *Anders v. California*, 386 U.S. 738, 744 (1967), and stated that Mr. Guevara-Guevara has no non-frivolous argument against enforcement of his appeal waiver. Counsel also requested permission to withdraw from representing Mr. Guevara-Guevara. *See id*. We then gave Mr. Guevara-Guevara an opportunity to file a pro se response to the motion to enforce. In his response, Mr. Guevara-Guevara claims he received

ineffective assistance of plea counsel. In particular, he complains that counsel (1) told him he would be sentenced to between 12 and 16 years and that he could file a motion for sentence reduction after sentencing based on his contention that he was a minor participant in the offense; (2) did not follow up on his repeated requests that counsel file motions for a shorter sentence based on allegations that Mr. Guevara-Guevara's telephone calls with counsel were recorded and their in-person meetings were videotaped; and (3) did not respond to Mr. Guevara-Guevara's and his family's attempts to contact him during the two years between the change of plea hearing and counsel's withdrawal in 2019.[1] Mr. Guevara-Guevara also complains that he is unsafe and has received inadequate medical treatment in prison and that the judge who imposed his sentence may have been distracted at the time of the sentencing hearing because he later resigned based on allegations of sexual misconduct.

In evaluating a motion to enforce, we consider: "(1) whether the disputed appeal falls within the scope of the waiver of appellate rights; (2) whether the defendant knowingly and voluntarily waived his appellate rights; and (3) whether enforcing the waiver would result in a miscarriage of justice." *Hahn*, 359 F.3d at 1325. Having reviewed the proceedings in accordance with our obligation under *Anders*, we conclude that the *Hahn* factors have been met and that there is no non-frivolous argument to make against enforcing the appeal waiver.

---

[1] Mr. Guevara-Guevara was represented by substitute counsel at the sentencing hearing.

As to the first *Hahn* factor, neither of the exceptions to the appeal waiver applies, so Mr. Guevara-Guevara's appeal of his conviction and sentence fall within the scope of the waiver. Specifically, as noted above, the district court imposed a sentence significantly below the applicable Guidelines range and the government did not appeal the sentence.[2]

As for the second and third *Hahn* factors, the written plea agreement and the colloquy at the change of plea hearing confirm that Mr. Guevara-Guevara knowingly and voluntarily waived his appellate rights, and there is no basis for concluding that enforcing the waiver would result in a miscarriage of justice. As pertinent here, a miscarriage of justice occurs where "ineffective assistance of counsel in connection with the negotiation of the waiver renders the waiver invalid" or "the waiver is otherwise unlawful." *Hahn*, 359 F.3d at 1327 (internal quotation marks and citations omitted). To show that an appeal waiver is "otherwise unlawful," the defendant must prove that the alleged error "seriously affect[ed] the fairness, integrity, or public reputation of judicial proceedings." *Id*. (internal quotation marks omitted). None of the claims Mr. Guevara-Guevara raised in his pro se response affects the validity of the appeal waiver, and none establishes that enforcing it would be fundamentally

---

[2] Mr. Guevara-Guevara suggested in his pro se response that he wants to seek a sentence reduction based on his assertion that he was a minor participant in the offense. To the extent this can be construed as a challenge to the district court's rejection of his minor-participant contention in the context of determining his Guidelines range, that issue falls squarely within the scope of the waiver, which bars an appeal of "any matter" related to the determination of the sentence. Mot. to Enforce, Attach. C at 11.

4

unfair. Indeed, most of his complaints are about events that occurred after he agreed to the wavier and pleaded guilty. His only complaint that has anything to do with plea negotiations is that counsel told him he would be sentenced to between 12 and 16 years in prison, but given that he was ultimately sentenced to about 11 years, he would be hard pressed to show that he was prejudiced by counsel's erroneous estimation.[3] Moreover, Mr. Guevara-Guevara's complaints about the sentencing proceedings, including the judge's subsequent resignation, challenge the propriety of his sentence, not the legality of his appeal waiver, so do not support a miscarriage-of-justice claim. *See United States v. Smith*, 500 F.3d 1206, 1212-13 (10th Cir. 2007) (explaining that the miscarriage-of-justice inquiry "looks to whether the *waiver* is otherwise unlawful, not to whether another aspect of the proceeding may have involved legal error," and holding that a defendant may not rely on alleged errors at sentencing to avoid enforcement of an appeal waiver (citation and internal quotation marks omitted)).

Accordingly, we grant the government's motion to enforce Mr. Guevara-Guevara's appeal waiver and dismiss this appeal. We also grant defense counsel's motion to withdraw.

Entered for the Court
Per Curiam

---

[3] In any event, we note that the appeal waiver does not foreclose him from pursuing "any subsequent claims with regards to ineffective assistance of counsel." Mot. to Enforce, Attach C at 12.

5